**FILED**
**Oct 20, 2021**
**08:17 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION CLAIMS
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT MURFREESBORO

| | | |
|---|---|---|
| **SHANTA BAXTER,** | ) | **Docket No. 2020-05-0697** |
| **Employee,** | ) | |
| **v.** | ) | |
| | ) | |
| **FEDERAL EXPRESS CORP.,** | ) | **State File No. 98745-2017** |
| **Employer,** | ) | |
| **And** | ) | |
| | ) | |
| **AGRI GENERAL INS. CO.,** | ) | **Judge Dale Tipps** |
| **Insurance Carrier.** | ) | |

---

### EXPEDITED HEARING ORDER GRANTING BENEFITS
#### *(DECISION ON THE RECORD)*

---

The Court considered Ms. Baxter's expedited hearing on the record without an in-person hearing on October 19, 2021. The issue is whether Ms. Baxter is likely to prove at trial that she is entitled to a psychiatric panel, based on a referral from her authorized treating physician. For the reasons below, the Court holds that Ms. Baxter is entitled to the requested panel.

### History of Claim

This is the second expedited hearing in this case. Most recently, the Court issued an Expedited Hearing Order on July 21, 2021, denying Ms. Baxter's request for psychiatric treatment. This was because Dr. Crosby's August 2, 2019, note only stated: "She is having psychological stress due to the failure of her to improve from her work-related injury and has requested to see a psychiatrist which is reasonable." The Court held that, "Dr. Crosby's mere agreement with the reasonableness of Ms. Baxter's desire to see a psychiatrist is insufficient to require FedEx to provide a panel."

With this second hearing request, Ms. Baxter filed a July 30, 2021 note from Dr. Crosby that clarified: "I am referred [sic] Shata Baxter to psychiatry due to the

psychological stress she is enduring due to her work related injury.  It is reasonable to get her in with a psychiatrist in order to assist her with this."

The Court found it appropriate to decide the issues in this case upon a review of the written materials and without an evidentiary hearing.  A docketing notice identified the documents to be considered and allowed the parties to file position statements and any objections to the admissibility of those materials.

FedEx filed an additional position statement, an objection to Ms. Baxter's new medical evidence, and a questionnaire completed by Dr. Crosby.  That questionnaire asked whether Ms. Baxter's need for psychiatric treatment stemmed from her inability to find a job after she reached maximum medical improvement.  Dr. Crosby responded, "Yes."  He then responded "No" when asked whether her current need for psychiatric treatment was primarily related to her work injury.

**Findings of Fact and Conclusions of Law**

In this expedited hearing, Ms. Baxter must provide sufficient evidence from which this Court might determine she is likely to prevail at a hearing on the merits.  *See* Tenn. Code Ann. § 50-6-239(d)(1) (2020); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

Ms. Baxter seeks an order for psychiatric treatment.  Tennessee Code Annotated section 50-6-204(h) provides: "All psychological or psychiatric services available under subdivisions (a)(1) and (b)(1) shall be rendered only by psychologists or psychiatrists and shall be limited to those ordered upon the referral of physicians authorized under subdivision (a)(4)."

FedEx contended that Ms. Baxter is not entitled to the requested treatment because her need for that treatment is not compensable.  It principally relied on Tennessee Code Annotated section 50-6-102(17), which specifies that a psychiatric response to the loss of employment or employment opportunities does not constitute a compensable injury. FedEx also argued that the only medical proof of causation is Dr. Crosby's opinion that the need for psychiatric treatment is not primarily related to Ms. Baxter's work injury.

Much like the employer in *Beech v. G4S Secure Solutions (USA)*, TN Wrk. Comp. App. Bd. LEXIS 71 (Dec. 16, 2020), FedEx "misconstrues the burden of proof and misstates the relevant issue. The issue is not whether Employee has come forward with sufficient evidence to convince the trial court that the referral was medically necessary or that his alleged psychological injury is causally related to the work incident." *Id.* at at *9. Neither causation nor necessity are Ms. Baxter's burden to prove at this stage.  "Instead, the relevant issue is whether [she] came forward with sufficient proof from which the trial court could conclude a panel-selected treating physician made a referral to a specialist."

*Id.* Thus, the only issue before the Court at this time is whether Dr. Crosby made a psychiatric referral.[1]

Dr. Crosby's July 30 note provides an answer to this question: he unambiguously referred Ms. Baxter for psychiatric evaluation and treatment. He did not retract the referral in his later response to the questionnaire. Instead, he offered his opinions on causation and the source of her alleged psychiatric issues. As those opinions are irrelevant at this stage under *Beech*; Ms. Baxter is likely to prevail at trial that she is entitled to a psychiatric panel.

**IT IS, THEREFORE, ORDERED** as follows:

1. FedEx shall provide Ms. Baxter with medical treatment made reasonably necessary by her December 18, 2017 injury, including a psychiatric panel.

2. This case is set for a Status Hearing on January 12, 2022, at 9:00 a.m. Please call toll-free at 855-874-0473 to participate. Failure to call or appear might result in a determination of the issues without your further participation. All conferences are set using Central Time.

3. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance might result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED October 20, 2021.**

_____

**Judge Dale Tipps**
**Court of Workers' Compensation Claims**

---

[1] This case is similar to *Beech,* in that the authorized doctor in that case also answered a later questionnaire with his opinion that the need for psychiatric referral did not primarily arise out of the work injury. Presumably, the Appeals Board concluded that questions of medical causation were better addressed by qualified psychiatrists but, in any event, it found that the referring physician's causation opinion did not overcome the presumption of medical necessity attached to his original referral.

**APPENDIX**

Exhibits:
1. Ms. Baxter's Affidavit
2. Dr. Samuel Crosby's October 31, 2019 progress note
3. Dr. Colin Crosby's August 2, 2019 progress note
4. Medical appointment documents
5. Dr. Crosby's July 30, 2021 psychiatric referral note.
6. Ms. Baxter's September 13, 2021 Rule 72 Declaration
7. Dr. Crosby's August 31, 2021 response to questionnaire

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. First Request for Expedited Hearing
4. FedEx's Pre-Expedited Hearing Statement
5. September 15, 2021 Expedited Hearing Request
6. October 4, 2021 Docketing Notice
7. FedEx's October 11, 2021 Position Statement.

## **CERTIFICATE OF SERVICE**

I certify that a copy of the Expedited Hearing Order was sent as indicated on October 20, 2021.

| Name | Certified Mail | Fax | Email | Service sent to: |
|------|------|-----|-------|------------------|
| Shanta Baxter, Employee | X | | X | 3000 Windsor Drive Columbia, TN 38401 shayb301@yahoo.com |
| James Tucker, Employer's Attorney | | | X | jtucker@manierherod.com cc: dstevens@manierherod.com |

_____
**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov